UNITED STATES of America, Plaintiff—Appellee,

v.

Elisa LUGO, Defendant—Appellant.

No. 04–50452.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 28, 2006.

Becky S. Walker, Esq., Mark Aveis, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

H. Dean Steward, Esq., San Clemente, CA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Elisa Lugo appeals from the 12–year sentence imposed upon remand after her guilty plea conviction to conspiracy, false statement to financial institution, and unlawful use of means of identification, all in violation of 18 U.S.C. §§ 2(b), 371, 1014, and 1028(a)(7). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the sentence and remand.

Lugo contends that the district court erred when, at her re-sentencing hearing, it declared the United States Sentencing Guidelines ("U.S.S.G.") unconstitutional pursuant to the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We agree.

At the re-sentencing hearing, the district court did not have the benefit of the Supreme Court's holding in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We therefore vacate the sentence and remand for re-sentencing in light of *Booker. See Id.* at 260–65, 125 S.Ct. 738 (rendering the U.S.S.G. advisory, but not unconstitutional).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Lugo also contends that the district court judge is biased against her and therefore should be recused upon re-sentencing. We disagree.

Lugo has not demonstrated that her sentencing judge demonstrated sufficiently particularized bias toward her to require a remand to a different judge. *See Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (requiring that in order for a judge to be disqualified, there must be a showing of "such a high degree of favoritism or antagonism as to make fair judgment impossible").

**SENTENCE VACATED and REMANDED.**